**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2501-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MACAULAY WILLIAMS,

    Defendant-Appellant.

_____

Submitted October 1, 2024 – Decided December 11, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-02-0168.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Macaulay Williams appeals a Law Division order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He alleged trial counsel was ineffective for not appealing the rejection of his pretrial intervention program (PTI) application and not advising him that he could appeal the rejection. He also contends appellate counsel was ineffective for not challenging his PTI application on appeal even though it would have been untimely.

Before us, in a single point, defendant presents the following arguments:

> THE TRIAL PCR COURT ERRED IN REFUSING TO GRANT AN EVIDENTIARY HEARING.
>
> A. Petitioner Presented a Prima Facie Case That Trial Counsel Was Ineffective.
>
> B. Petitioner Presented a Prima Facie Case That Appellate Counsel Was Ineffective.
>
> C. Conclusion.

Having reviewed the record and governing legal standards, we are unpersuaded by defendant's arguments and affirm.

I

The trial record is detailed in our unpublished decision affirming defendant's conviction on direct appeal, State v. Williams, No. A-0462-18 (App.

2

Div. July 22, 2021), <u>certif. denied</u>, 248 N.J. 544 (2021), as well as the PCR judge's statement of reasons for denial. A brief summary will suffice.

Defendant's homeowner's insurance carrier paid his property damage claim for water damage. However, based on its fraud investigation, the carrier denied his $31,500 claim for additional living expenses he purportedly incurred while his home repairs were performed. This led to criminal charges against defendant, culminating in a jury convicting defendant of third-degree insurance fraud, N.J.S.A. 2C:21-4.6(a) and (b)[1], and third-degree attempted theft, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:20-4, and a sentence of two concurrent one-year terms of probation.

Prior to trial, defendant, with the aid of trial counsel, applied to the PTI program. About a month later, Middlesex County's Criminal Case Management sent a letter to the Middlesex County Prosecutor's Office (MCPO) recommending that defendant not be admitted into the PTI program for the reasons set forth in its attached report. The report analyzed the seventeen factors under N.J.S.A. 2C:43-12(e) to be considered when evaluating a defendant's PTI

---

[1] Due to a statutory amendment effective May 7, 2015, N.J.S.A. 2C:21-4.6(b) is now N.J.S.A. 2C:21-4.6(c).

program application. Defendant and trial counsel were copied on the letter, which also stated defendant could appeal the MCPO's decision.

Within a week, the MCPO sent trial counsel a four-page PTI denial letter detailing its consideration of the N.J.S.A. 2C:43-12(e) factors and incorporating Criminal Case Management's analysis in its rejection of defendant's admission. The MCPO reasoned defendant's: offense "harm[ed] not only the insurance company, but also policyholders . . . through increased policy premium rates"; conduct was "not . . . amenable to change and . . . would not benefit from participation in the PTI program" given his failure to be get fingerprinted as required; application showed no "unique" "'personal problems' or 'character traits'" warranting alternative services and his crime was not "related to a condition or situation" that "supervisory treatment" could reform; prosecution "would lead to an appropriate punishment" and balance "the need to deter" him and "others from engaging in insurance fraud"; and his admission into the "PTI program would harm society by sending a message that would minimize and trivialize the severity of insurance fraud." The MCPO acknowledged "some factors may partially weigh in defendant's favor," but "the factors . . . [against his admission] strongly outweigh those favorable factors."

At a pretrial calendaring conference following defendant's PTI program denial, the court asked trial counsel in the presence of defendant whether the denial would be appealed. Counsel responded no and requested to "set . . . [the] matter for a trial" and that he would be "proceeding forward" with a "motion to dismiss the indictment." Defendant voiced no objection about going to trial nor any concerns about the PTI program rejection. The motion to dismiss was denied. As noted, defendant was convicted.

About four months after defendant's petition for certification was denied, he filed a PCR petition claiming trial counsel was ineffective for not appealing his PTI program rejection nor advising him that he could appeal the rejection; and, even though it would have been untimely, appellate counsel was ineffective for not raising "any claim regarding the PTI application" because our court rules allow "an appeal if it was in the interest of justice." The PCR judge denied relief following oral argument and without an evidentiary hearing. This appeal followed.

II

When a PCR judge does not hold an evidentiary hearing, our standard of review is de novo as to both the judge's factual inferences drawn from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App.

A-2501-22

Div. 2016). When petitioning for PCR, the defendant must establish, "by a preponderance of the credible evidence," entitlement to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient. . . . [And] [s]econd, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. To meet the first prong, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Ibid. Trial counsel's performance is not deficient by failing to make a meritless argument. See State v. Worlock, 117 N.J. 596, 625 (1990). To meet the second prong, a defendant must show that counsel's errors created a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Strickland, 466 U.S. at 694.

6

The PCR judge should grant an evidentiary hearing and determine the merits of the claim if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462. In deciding whether to grant an evidentiary hearing, "courts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462-63. Claims of ineffective assistance of counsel often warrant an evidentiary hearing "'because the facts often lie outside the trial record and because the attorney's testimony may be required.'" State v. Porter, 216 N.J. 343, 354 (2013) (quoting Preciose, 129 N.J. at 462). The decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

Guided by these standards, we affirm substantially for the reasons stated by the PCR judge in her statement of reasons. The judge correctly ruled defendant failed to satisfy the Strickland/Fritz test by making a prima facie showing of ineffectiveness assistance of counsel. The record showed trial counsel's performance was not deficient by Sixth Amendment standards. The judge found an appeal of defendant's PTI program rejection "would have likely been unsuccessful" for the reasons cited by Criminal Case Management and

adopted by the MCPO — insurance fraud increases homeowner's insurance rates, defendant's lack of cooperation in completing the PTI application, and the need to deter insurance fraud, which outweighed the statutory factors supporting admission. Given this determination, the judge held defendant's trial and appellate counsel were not ineffective for making a "strategic decision" not to appeal defendant's PTI rejection. The judge emphasized defendant's acceptance into PTI "is solely at the discretion of the prosecutor's office," which the MCPO did not abuse. So, we conclude there is no merit to defendant's contention that Rule 3:28-6(b)(1) to -6(b)(2) were violated because Criminal Case Management's and MCPO's denials of his application were "arbitrary" or constituted a "patent and gross abuse of discretion." Given the absence of a prima facie showing of ineffectiveness of trial and appellate counsel, the judge correctly found defendant was not entitled to an evidentiary hearing. See Preciose, 129 N.J. at 462-63.

To the extent we have not addressed any of defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-2501-22